UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN PAUL GREEN,

               Plaintiff,

v.

                                           Case No. 25-cv-0631-bhl

CITY OF ST. FRANCIS, ST. FRANCIS POLICE
DEPARTMENT and SAINT FRANCIS FIRE
DEPARTMENT,

               Defendants.

## SCREENING ORDER

On April 30, 2025, Plaintiff John Paul Green, proceeding without an attorney, filed a complaint against the City of St. Francis, the St. Francis Police Department, and the St. Francis Fire Department. (ECF No. 1.) Green also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The matter is before the Court for consideration of Green's IFP motion and for the screening of his complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Green's IFP application includes information about his finances and is signed under penalty of perjury. (ECF No. 2 at 4.) He represents that he is unemployed, unmarried, and has no dependents. (*Id.* at 1.) He states that he receives $2,782 per month in retirement income. (*Id.* at 2.) His monthly expenses total $2,500. (*Id.* at 3.) On these facts, the Court will deny Green's IFP motion because he is not sufficiently indigent to warrant a fee waiver. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Green's monthly income exceeds his stated monthly expenses by almost

$300 and puts him outside the "truly impoverished" litigants for whom IFP status is intended and reserved. Indeed, he is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

According to Green's complaint, on July 10, 2023, Police Officer Mielcarek responded to a call from Green regarding a drive-by shooting. (ECF No. 1 at 5.) Green asked Officer Mielcarek to perform a welfare check on Green's son, who is located in Arizona. (*Id.*) When Officer Mielcarek called Green's son, Green's son falsely stated that Green is schizophrenic. (*Id.*) On July 24, 2023, Green sent a note to Officer Mielcarek to explain that he is not schizophrenic and followed up with him again on August 2, 2023. (*Id.*) Green asked that the police report from the July 10, 2023 call remove any statements that his son called him schizophrenic, but his requests were denied. (*Id.*) On October 24, 2023, Green was taken by the St. Francis Fire Department to St. Luke's; the paramedics' report to the medical staff indicated that Green was schizophrenic. (*Id.*) Green asked the Fire Department to remove the information, but the Fire Department refused. (*Id.*) Green contends that St. Francis's Police Department and Fire Department's failure to remove the word "schizophrenic" from their records led the doctor to believe he was mentally unstable, for the nurse to forcefully put an intravenous in his arm, and for him to be attacked outside the hospital. (*Id.*)

## ANALYSIS

Green invokes this Court's federal question jurisdiction, but it is otherwise unclear from his allegations what claims he wishes to pursue against the defendants. Green appears to be trying to assert a claim against the City of St. Francis, the St. Francis Police Department, and the St. Francis Fire Department based on their reporting him as suffering from schizophrenia, a condition that he denies having. To the extent he believes that the defendants have somehow violated his federal constitutional rights, which appears likely, his claim arises under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court recognized that municipalities could be "persons" and thus held liable for constitutional violations under 42 U.S.C. §1983. 436 U.S. at 690–91. But, even under *Monell*, Green would only have a claim against the City of St. Francis. The Seventh Circuit has confirmed that police departments and fire departments are not "persons" within the meaning of Section 1983 and cannot be sued under *Monell*. *See Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009). Accordingly, if Green is pursuing a *Monell* claim, he may only pursue it against the City of St. Francis, not its police or fire department.

To state a *Monell* claim, the plaintiff must allege (1) that he suffered a constitutional injury and (2) that the City authorized or maintained a custom of approving the unconstitutional conduct.

*Petty v. City of Chi.*, 754 F.3d 416, 424 (7th Cir. 2014). Green's allegations fail to support a *Monell* claim for a number of reasons. First, it is unclear what right Green believes was violated. It appears from Green's complaint that Green's son called Green schizophrenic and that the police record merely indicates this fact. Green's son is a private actor and thus cannot violate Green's rights. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 193–94 (1989). Second, Green has not alleged that any violation of his rights occurred as a result of any policy, practice, or procedure within the meaning of *Monell*. *See Helbacs Café, LLC v. City of Madison*, 46 F.4th 525, 530 (7th Cir. 2022). Thus, Green fails to allege facts sufficient to state a *Monell* claim.

Because Green is acting without help from a lawyer, the Court will allow him the opportunity to file an amended complaint that cures the deficiencies identified in this order. To do so, Green must first pay the filing fee. If he decides to proceed with an amended complaint, Green should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Green should set forth his allegations in short and plain statements, focusing on the facts of his case rather than abstract legal terms. He should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case. And he should name as defendants only those specific individuals who are involved with the facts of his case. Green is advised that his amended complaint must include the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Green's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Green's Complaint, ECF No. 1, is **DISMISSED without prejudice**. If Green wishes to proceed with this lawsuit, he must pay the filing fee and file an amended complaint. An amended complaint must be filed with the Court on or before **June**

**12, 2025**.  If the Court does not receive Green's amended complaint by that date, the case will be dismissed for his failure to prosecute pursuant to Civil L.R. 41(c).

Dated at Milwaukee, Wisconsin on May 13, 2025.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge